■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENDELL TOWNSEND, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County (Rohl, J.), rendered October 8, 1986, convicting him of rape in the first degree (two counts), rape in the second degree (two counts), sexual abuse in the first degree (11 counts), and attempted sodomy in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and the facts, by reversing the conviction for sexual abuse in the first degree under the fifth count of the indictment, vacating the sentence imposed thereon and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant contends that the testimony of the four infant victims, was incredible as a matter of law because of, among other things, their age. However, three of the victims, whose ages were 13, 12 and 9 years, respectively, were sworn, without objection, by the trial court after it satisfied itself that

they appreciated the nature of an oath and their duty to tell the truth. The fourth victim, aged 10, was permitted, again without objection, to testify as an unsworn witness. The four children testified that the defendant committed acts of rape, sodomy and sexual abuse over a two-year period. Each of the children related their own particular experience. This testimony coupled with the defendant's confessions was sufficient to establish the necessary corroboration for the testimony of the unsworn witness. We find nothing in the record to support the defendant's contention that the victims' testimony was unworthy of belief.

The defendant also argues that the evidence adduced at the trial was legally insufficient to support the rape convictions. Although the victim of the two rapes testified on direct and cross-examination that the defendant's penis did not penetrate her vagina, on redirect examination she unequivocally testified that there was, in fact, some penetration on both occasions. Moreover, the defendant, in his confession, admitted to having sexual intercourse with the victim on at least one of these occasions (see, Penal Law § 130.00 [1]; §§ 130.30, 130.35). Viewing this evidence in the light most favorable to the prosecution (People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

However, we agree with the defendant's contention that inasmuch as no evidence was presented as to the fifth count of the indictment, alleging sexual abuse in the first degree, the conviction thereunder must be reversed.

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Bracken, Spatt and Balletta, JJ., concur.